# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SARPRIO DORANTI, | Case No. 19-CV-1454 (PJS/SER) |
| Plaintiff, | |
| v. | |
| SUSAN L. CHURCHILL,<br>KEVIN S. BURKE,<br>MICHELLE SMITH,<br>STEVE AYERS,<br>TANER JOHNSON,<br>MIKE ZACHARY,<br>ROBERT P. JEUB,<br>PAUL BOERGER,<br>DEP'T OF HUMAN SERV. CENTRAL<br>OFFICE,<br>JANE AND JOHN DOES 1-25,<br>DEP'T OF CORRECTIONS CENTRAL<br>OFFICE,<br>MINNESOTA PUBLIC RADIO<br>CENTRAL OFFICE,<br>JOHN LUND,<br>STATE OFFICIALS OF HENNEPIN<br>COUNTY, | **ORDER** |
| Defendants. | |

Plaintiff Sarprio Doranti filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* [ECF No. 2]. Mr. Doranti's IFP application is before the Court.

Because Mr. Doranti is a prisoner,[1] his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the

---

[1] Mr. Doranti is a civil detainee of the Minnesota Sex Offender Program and civil detainees are not typically subject to the § 1915(b) criteria. However, he is currently serving a prison sentence and is an inmate of the Minnesota Department of Corrections due to a 2016 conviction for Fourth Degree Assault at a secure treatment facility, so he is currently treated like a prisoner for IFP purposes.

court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Mr. Doranti's trust account statement shows that the amount of his average monthly deposits during the preceding six-month period was $0.83, while his average balance during the same period was $0.06. *See* [ECF No. 2]. Because the deposits amount exceeds the balance amount, Mr. Doranti's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), would be 20% of the average deposits amount, or $0.17. Typically, an action would not proceed until the $0.17 initial partial filing fee was paid in full. However, the Court has the authority to waive the prepayment of an initial partial filing fee if it finds that a prisoner has no means or no assets to pay it. *See* 28 U.S.C. § 1915(b)(4). The Court finds that Doranti qualifies for a waiver of the initial partial filing fee of $0.17, but if he pursues this action **the entirety of the remaining balance of the $350.00 statutory filing fee would have to be**

**paid in later installments**.[2]  Prison officials would be ordered to deduct funds from Doranti's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Doranti succeeds in this action.

Setting the initial filing fee requirement aside, Doranti's case is required to be screened pursuant to Section 1915(A).  Doranti's Complaint is 78 pages long and identifies 38 defendants [ECF No. 1].  In order for the Court to take the appropriate legal action on a court filing, however, it is important that the Court understand what the individual or parties are asking for.  Federal Rule of Civil Procedure Rule 8(a)(2) states that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In other words, the complaint must be concise, and it must be clear.  The facts with respect to each defendant must be presented chronologically, and the complaint must make clear which specific plaintiff and which specific defendants are the subject of which specific allegations.  Blanket references to "plaintiffs" or "defendants" are unacceptable unless the references genuinely apply to every plaintiff and every defendant.  Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[2] The statutory filing fee for new actions commenced in a federal district court is $350.00.  28 U.S.C. § 1914(a).  On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00.  The PLRA, however, applies only to the statutory filing fee.  Thus, Doranti will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $400.00 total fee — in installments pursuant to § 1915(b)(2).

Here, Doranti's complaint presents a close call. His allegations about suffering physical harm via a beating by another patient or physical abuse from staff may be sufficient to make out an Eighth Amendment claim for deliberate indifference [ECF No. 1 at 37-40]. By contrast, his claims about the validity of his old criminal conviction or his civil commitment proceedings are outdated and have been previously dismissed by this Court. *See e.g. Doranti v. State of Minnesota, et al.,* Case No. 15-CV-3247-DWF-LIB [ECF Nos. 7, 14]. Rather than let the complaint slide by this early Rule 8 review, the Court finds that it would benefit all parties to direct an amended complaint wherein the Plaintiff can more explicitly state which individuals caused him physical harm and when and where that harm occurred. The failure to provide a clearer narrative may result in a recommendation that this action be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, It is –

ORDERED:

1. The application to proceed *in forma pauperis* of Plaintiff Doranti will not be granted at this time [ECF No. 2].

2. Doranti's motion for appointment of counsel [ECF No. 3] is DENIED WITHOUT PREJUDICE. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). Doranti has not

presented his claims with reasonable clarity, and this Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. This Court will reconsider *sua sponte* whether appointment of counsel is appropriate should circumstances dictate.

3. Plaintiff Doranti must submit an amended pleading that complies with this order within 30 days, failing which it will be recommended that this matter be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

Dated: July 11, 2019              *s/ Steven E. Rau*_____
                                  Steven E. Rau
                                  United States Magistrate Judge